# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

QUINTAESHIA SOUTHERN,
INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

  Plaintiff,

  v.         Case No.:  6:26-cv-00613-AGM-LHP

TAPESTRY, INC.,

  Defendant,

                 

## ORDER

Before the Court is Plaintiff's Motion for Clerk's Default Against Defendant, Tapestry Inc., d/b/a Coach.  Doc. No. 11.  On review, the motion will be **DENIED without prejudice**.  The motion fails to include a memorandum of legal authority as required by Local Rule 3.01(b).  Relatedly, the motion does not adequately address whether service of process on Defendant was proper.  *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, the return of service states that Defendant was to be served by service on its registered agent, CT Corporation Systems.[1]   Doc. No. 5, at 3.  The return states that service was to occur at "1200 S. Pine Island Road, <u>Suite 250</u>, Plantation, FL 33324."  *Id.* (emphasis added).  The process server effected service by serving "Donna Moch as Registered Agent" at the address of "1200 S. Pine Island Road, <u>Suite 240</u>, Plantation, FL 33324."  *Id.* (emphasis added).[2]

The return does not identify who Donna Moch is, state that she was authorized to accept service, or state that she is an employee of CT Corporation System.  *Id.*; *see also* Fed. R. Civ. P. 4(h)(1)(B); Fla. Stat. § 48.091(4)(c).  Absent this information, and given the discrepancies regarding the suite numbers as to where service was to/did occur, it is not clear that service was proper.

For these reasons, the motion (Doc. No. 11) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days** of this Order, which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.

---

[1] According to records from Florida's Department of State, "CT Corporation System" is Defendant's registered agent.  Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName.  The records for Defendant are accessible by entering "Tapestry Inc." into the "Entity Name" field.

[2] The Court notes that records from Florida's Department of State do not include a suite number for CT Corporation System.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-