# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

QUINTAESHIA SOUTHERN,
INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

  Plaintiff,

  v.           Case No.:  6:26-cv-00613-AGM-LHP

TAPESTRY, INC.,

  Defendant,

_____

## ORDER

The Court previously denied without prejudice Plaintiff's motion for Clerk's default against Defendant for failure to comply with Local Rule 3.01(b) and for failure to establish that service of process was proper.  Doc. Nos. 11, 12.  Now before the Court is Plaintiff's Renewed Motion.  Doc. No. 13.  Although the renewed motion complies with Local Rule 3.01(b), on review, the motion will again be **DENIED without prejudice**.

The return of service states that Defendant was to be served by service on its registered agent, CT Corporation Systems.  Doc. No. 5, at 3.[1]  The process server

---

[1] According to records from Florida's Department of State, "CT Corporation System" is Defendant's registered agent.  Records maintained by the Florida Department of State, Division of Corporations, are available at

-1-

effected service by serving "Donna Moch as Registered Agent" at the address of "1200 S. Pine Island Road, Suite 240, Plantation, FL 33324." *Id.* Because the return did not identify who Donna Moch is, state that she was authorized to accept service, or state that she is an employee of CT Corporation System, the Court could not determine whether service was proper. Doc. No. 12; *see also* Fed. R. Civ. P. 4(h)(1)(B); Fla. Stat. § 48.091(4)(c).

In the renewed motion, Plaintiff relies on the same return of service (Doc. No. 5, *see also* Doc. No. 13-1), submitting that service was proper. Doc. No. 13. In the motion, Plaintiff says that "service was accepted by an individual identified as acting on behalf of the registered agent, Donna Moch." *Id.* at 5. Plaintiff also says, without citation to any evidence, that "upon information and belief" Donna Moch is a Senior Corporate Operations Manager for CT Corporation System, and she was authorized to accept service. *Id.*

If true, Clerk's default might be appropriate. Fed. R. Civ. P. 4(h)(1)(B); Fla. Stat. § 48.091(4)(c). But the return of service does not state that Donna Moch was acting on behalf of the registered agent, nor that she works for the registered agent. Doc. No. 5, *see also* Doc. No. 13-1. Nor does Plaintiff submit any evidence to support these statements. Doc. No. 13.

---

https://search.sunbiz.org/Inquiry/CorporationSearch/ByName. The records for Defendant are accessible by entering "Tapestry Inc." into the "Entity Name" field.

Accordingly, the renewed motion (Doc. No. 13) is **DENIED without prejudice**.  Plaintiff shall file a second renewed motion within **fourteen (14) days** of this Order, which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.  The renewed motion shall also be supported by evidence or an amended return of service, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-