## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

QUINTAESHIA SOUTHERN,

      Plaintiff,

    v.                          Case No.:  6:26-cv-00613-AGM-LHP

TAPESTRY, INC.,

      Defendant,

_____

### ORDER

Before the Court is Defendant's Unopposed Motion to Set Aside Clerk's Entry of Default.  Doc. No. 22.  Upon consideration of the representations made in the motion, and given Plaintiff's lack of opposition, *see* Doc. No. 22, at 7, the Court finds the motion well taken.  *See* Fed. R. Civ. P. 55(c).  *See also, e.g.*, *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738–39 (11th Cir. 2018) (cited as persuasive authority) (affirming district court's vacating of clerk's default where failure to respond was the result of an inadvertent mistake, defendant took prompt action to correct default, and no prejudice resulted from the delay); *Anwer v. Fed. Ins. Co.*, No. 6:24-cv-1174-PGB-EJK, 2024 WL 3917203, at *1 (M.D. Fla. Aug. 23, 2024) ("[G]iven that defaults are disfavored, the balance of consideration weighs in favor of vacating the default." (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993))).

-1-

Accordingly, Defendant's motion (Doc. No. 22) is **GRANTED**.  The Clerk of Court is **DIRECTED** to **VACATE** the default entered against Defendant (Doc. No. 18).  Defendant shall file its answer (Doc. No. 22-1) as a separate docket entry within **seven (7) days** of the date of this Order.   Based thereon, Plaintiff's Motion for Entry of Default Final Judgment Against Defendant (Doc. No. 19) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record