UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:26-cv-00613-AGM-LHP

QUINTAESHIA SOUTHERN,
Individually and on behalf of all
others similarly situated,

Plaintiff,

v.

TAPESTRY, INC., d/b/a/ COACH,

Defendant.

___________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, TAPESTRY, INC., files its Answer and Defenses to the Complaint filed by Plaintiff, QUINTAESHIA SOUTHERN, and states as follows:

1. Defendant admits that Plaintiff is attempting to state a cause of action for violation of the Telephone Consumer Protection Act ("TCPA").

## NATURE OF THE ACTION

2. Defendant admits that Plaintiff is attempting to state a class action under the TCPA.

3. Defendant admits that it is a New York-based global house of iconic accessories and lifestyle brands . Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff is seeking the relief listed in Paragraph 5 of the Complaint. However, Defendant denies that it committed any of the alleged violations and that Plaintiff is entitled to any damages or relief

## JURISDICTION AND VENUE

6. Defendant admits that jurisdiction is proper in this Court as Plaintiff is alleging a violation of the TCPA. Defendant denies that Plaintiff is entitled to class certification and any damages or relief, and the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it does conduct business within this District. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

## PARTIES

8. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendant does maintain retail stores in Florida and markets its products to consumers in Florida as alleged in Paragraph 10 of the Complaint.

11. Defendant does market and sell its products in Florida and throughout the United States as alleged in Paragraph 11 of the Complaint.

12. Defendant admits that it is Tapestry, Inc. Defendant denies the definition of Defendant contained in Paragraph 12 of the Complaint.

**FACTS**

13. Defendant states that Plaintiff opted-in to receive text messages from Defendant on or about November 13, 2024 and received text messages between in or around December 2025 until on about February 24, 2026, when she was unsubscribed from receiving text messages. Defendant denies any remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant states that Plaintiff did not complete the unsubscribe process in or around December 2025. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies that Plaintiff opted out of receiving text messages in or around December 2025 and that it "bombard[ed] Plaintiff with unwanted text messages as stated in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without sufficient knowledge to admit or deny whether Plaintiff's counsel asked for a copy of Defendant's Do Not Call List Policy and Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant states that Plaintiff did not complete the unsubscribe process on or about December 2025. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of the Complaint

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that Coach Outlet does send text messages using the short code 75183. Defendant admits that the text messages are sent utilizing

conversational commerce platforms. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits that it has a record of all text messages sent to the 4535 number identified by Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to unidentified class members.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## CLASS ALLEGATIONS

### PROPOSED CLASS

39. Defendant admits that Plaintiff is seeking to bring a class action. However, Defendant denies that Plaintiff is entitled to class certification.

40. Defendant admits only that Plaintiff is attempting to bring suit on behalf of a putative class and that she has set forth a definition in Paragraph 40 of the Complaint. But Defendant denies that the defined "class" meets the requirements for class certification under Rule 23 and that Plaintiff is an adequate representative of such a class.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

**NUMEROSITY**

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**COMMON QUESTIONS OF LAW AND FACT**

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

**TYPICALITY**

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

**SUPERIORITY**

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c)(5)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

51. Defendant restates its answers to Paragraphs 1 through 50 as if fully stated herein in response to Paragraph 51 of the Complaint.

52. Paragraph 52 contains a legal conclusion to which no response is required. If a response is required, Defendant denies that it violated the TCPA.

53. Paragraph 53 contains a legal conclusion to which no response is required. If a response is required, Defendant denies that it violated 47 C.F.R. § 64.1200(d) and its subparts.

54. Paragraph 54 contains a legal conclusion to which no response is required. If a response is required, Defendant denies that it violated 47 C.F.R. § 64.1200(d) and (e).

55. Defendant admits that Plaintiff complete a request to unsubscribe from Defendant's text messages on February 24, 2026. Defendant is without sufficient

knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

56. Defendant denies that it failed to honor Plaintiff's February 24, 2026 request. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

57. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint with regard to Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

59. Defendant denies the allegations in Paragraph 59 of the Complaint with regard to Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

60. Defendant denies the allegations in Paragraph 60 of the Complaint with regard to Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

61. Defendant denies the allegations in Paragraph 61 of the Complaint with regard to Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

62. Defendant denies the allegations in Paragraph 62 of the Complaint with regard to Plaintiff. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in the Prayer for Relief including subparts a through e. Defendant is without sufficient knowledge to admit or deny the allegations with regard to the purported "National Internal Do Not Call Class members."

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to a jury trial on her claim for monetary damages under the TCPA. However, Defendant is without sufficient knowledge to admit or deny whether any purported class members signed any agreements that contain jury trial waivers.

## DOCUMENT PRESERVATION DEMAND

Defendant states that a document preservation demand is not proper within the body of a Complaint. Such a demand does not comply with the Rule 8 requirements. Moreover, requests for production of documents are not properly included in a Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein. Defendant also specifically denies that any class should be certified in this case.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant alleges the following affirmative defenses:

### FIRST DEFENSE

Prior express consent existed to contact Plaintiff and/or others alleged to be members of the putative class.

### SECOND DEFENSE

Defendant maintains a written internal Do Not Call Policy, regularly trains its employees on these Do Not Call procedures, routinely scrubs calling lists against

both the National Do Not Call Registry and its own internal Do Not Call list, honors proper consumer opt-out requests promptly.

**THIRD DEFENSE**

Plaintiff and/or any person she purports to represent lacks standing to maintain this action since she and/or the other person did not suffer a concrete, particularized injury-in-fact fairly traceable to the conduct of the Defendant.

**FOURTH DEFENSE**

Any violation of the TCPA was unintentional and resulted from a *bona fide* error notwithstanding the reasonable practices and procedures established and implemented by JDC Healthcare to effectively prevent communications in violation of the TCPA. 47 U.S.C. § 227(c)(5).

**FIFTH DEFENSE**

Plaintiff’s injuries, if any, were proximately caused by the acts or omissions of third parties over whom Defendant had not control or supervision, including but not limited to third-party provider who handled the signing up and unsubscribing of customers from receiving communications from Coach Outlet and supplied Plaintiff’s contact information to Defendant.

## SIXTH DEFENSE

Plaintiff's claim for statutory penalties of up to $1,500 per violation of the TCPA for herself and the putative class is barred because Defendant did not engage in willful or knowing misconduct.

## SEVENTH DEFENSE

Plaintiff's claims and/or the claims of any person she purports to represent are barred in whole or in part because the texts at issue were not sent to a residential telephone line.

## EIGHTH DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff and/or any person she purports to represent, which amount to and constitute estoppel, wavier, laches, unclean hands, and other equitable doctrines as a bar to the claims of the Plaintiff and the putative class members.

## NINTH DEFENSE

Plaintiff's claims and/or the claims of any person she purports to represent are barred in whole or in part because they have not suffered actual damages and have failed to mitigate damages, if any.

## TENTH DEFENSE

Plaintiff is not entitled to attorneys' fees.

**ELEVENTH DEFENSE**

Plaintiff's claims and/or the claims of the class she purports to represent are barred in whole or in part by applicable statute of limitations, including but not limited to 28 U.S.C. § 1658.

**TWELFTH DEFENSE**

Plaintiff's claims and/or the claims of the class she purports to represent are barred because Plaintiff and/or any person she purports to represent consented to, ratified, or acquiesced in all of the alleged acts of which they complain.

**THIRTEENTH DEFENSE**

The imposition of liability and/or statutory damages under the TCPA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause and prohibition of excessive fines and punishment.

**FOURTEENTH DEFENSE**

The interpretations of the TCPA, upon which the Complaint is based, are unconstitutionally vague and overbroad, and thus violate provisions of the United States Constitution, including the Due Process Clause.

**FIFTEENTH DEFENSE**

The interpretations of the TCPA, upon which the Complaint is based, exceed regulatory and statutory authority.

**SIXTEENTH DEFENSE**

The interpretations of the TCPA, upon which the Complaint is based, are arbitrary, capricious, an abuse of discretion, results in an approach that does not comport with a caller's constitutional rights of freedom of speech, and disregards the TCPA's statutory language.

**SEVENTEENTH DEFENSE**

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Defendant's right to due process of law under the United States Constitution. *See, e.g., BMV v. Gore*, 517 U.S. 559, 575-80 (1996), and its progeny.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to specify all of the provisions of the TCPA and regulations which she contends were violated. To the extent the Plaintiff relies on a provision of the TCPA or regulations that does not provide for a private right of action, JDC Healthcare asserts as a defense the lack of a private right of action for such alleged violations.

**NINETEENTH DEFENSE**

Defendant incorporates herein by reference all provisions set forth within 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200, *et seq.* (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions,

exemptions, exceptions, limitations, conditions, or other defenses that may be set forth therein.

**TWENTIETH DEFENSE**

Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, and/or that individualized issues, such as consent to receive texts, can be adjudicated on a class-wide basis, and that the Plaintiff is an adequate class representative. Plaintiff has the burden of establishing these requirements and all Rule 23 requirements for litigating on a class-wide basis, but is unable to meet this burden.

**TWENTY-FIRST DEFENSE**

Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**TWENTY-SECOND DEFENSE**

There is a lack of ascertainability of who is or is not a member of the proposed class.

**TWENTY-THIRD DEFENSE**

Plaintiff's purported class constitutes a "fail safe" class that must be dismissed.

**TWENTY-FOURTH DEFENSE**

As applied, the TCPA violates the First Amendment of the United States Constitution.

**TWENTY-FIFTH DEFENSE**

The claims of Plaintiff and/or other alleged to be members of the putative class are barred, in whole or in part, because Defendant has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity meeting the requirements of 47 C.F.R. § 64.1200(d).

**TWENTY-SIXTH DEFENSE**

The claims of Plaintiff and/or other alleged to be members of the putative class are barred, in whole or in part, because the FCC's rulemaking authority under 47 U.S.C. § 227(c) extends only to unwanted telephone solicitations directed at "residential telephone subscribers," rendering 47 C.F.R. § 64.1200(e) void *ab initio*.

WHEREFORE, having fully responded to the Complaint of the Plaintiff, denies the Plaintiff is entitled to any of the relief requested in the Complaint, TAPESTRY, INC. denies the Plaintiff is entitled to certification of any class, and

prays that the Complaint be dismissed in its entirely, with prejudice. TAPESTRY, INC. further prays that a judgment be entered in its favor and for such other relief as the Court deems just and appropriate.

Respectfully submitted this 9th day of July, 2026.

/s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez
Florida Bar No. 821690
FordHarrison
1 SE Third Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Email: erodriguez@fordharrison.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez

# <u>SERVICE LIST</u>

Ethan B. Babb
Ebabb@babblaw.com
Samantha R. Wood
swood@babblaw.com
Ethan Babb Law Firm
6013 Farcenda Place, Suite 101
Melbourne, FL 32940
Phone: (321) 529-2222
Fax: (321) 529-2929
Attorneys for Plaintiff and the Class